**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEON LOPEZ,<br>on behalf of plaintiff and the<br>class members described herein, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GLOBAL CREDIT & COLLECTION<br>CORPORATION and<br>GALAXY PORTFOLIOS, LLC, | )<br>)<br>) |
| | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Leon Lopez brings this action to secure redress from unlawful

debt collection practices committed by Global Credit & Collection Corporation ("Global") and

Galaxy Portfolios, LLC ("Galaxy").  Plaintiff alleges violation of the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

7.     Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

8.     Personal jurisdiction and venue are proper in this District because:

a.     Defendant Global is headquartered in Chicago, Illinois;

b.     The violations complained of were committed by Global on behalf of Galaxy pursuant to a contract between Global and Galaxy for the performance of collection services in Illinois.

## PARTIES

9.     Plaintiff Leon Lopez is a resident of California.

10.     Defendant Global is a Delaware corporation with its principal place of business located at 5440 N. Cumberland Avenue, Suite 300, Chicago, IL 60656-1490.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11.     Global operates a collection agency, using the mails and telephone  system to attempt collection of alleged consumer debts (that is, debt incurred for personal, family or household purposes) originally owed to others.

12.     Global states that "Affinity Global can provide reliable, efficient and

cost-effective debt collections services that ensure you obtain the receivables that are rightfully yours. Let us focus on your debt so you can put your attention – and your resources – where it really counts. [¶] We're enhancing debt collection every day. [¶] Right now, we have more than 500 workstations dedicated solely to performing outbound debt collections services – and we're always adding more. These workstations are located throughout the United States, Canada, Panama and the United Kingdom, and they are equipped with industry-leading technologies such as arXCollect by i4Quality." (https://www.affglo.com/solutions/account-receivable-management/)

13.     Global is a "debt collector" as defined in the FDCPA.

14.     Defendant Galaxy is a limited liability company organized under Nevada law with

its principal place of business located at 4730 S. Fort Apache Road, Suite 300, Las Vegas, NV 89147.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

15.     Galaxy buys or claims to buy allegedly defaulted consumer debts originally owed to others, paying an average of less than ten cents on the dollar for them.

16.     Galaxy then attempts to collect the debts.  Among other things, it contracts with debt collectors such as Global to dun consumers.

17.      Galaxy uses the mails and telephone system in conducting business.

18.     Galaxy is a debt collector as defined in the FDCPA.

## FACTS

19.     Defendants have been attempting to collect from Lopez an alleged credit card debt incurred, if at all, for personal, family or household purposes.

20.     On or about January 21, 2016, Global, acting on behalf of Galaxy, sent plaintiff a letter (Exhibit A) seeking to collect the alleged consumer debt.

21.     Exhibit A is a form letter.

3

22. Exhibit A has bar coded addresses and return addresses. The Postal Service offers

discounts when 500 or more similar mail items are sent at the same time and have bar-coded

addresses and return addresses. Exhibit A also has a form designation.

23. Exhibit A offers to settle the alleged debt. It offers several alternatives and states

after each, "We are not obligated to renew this offer."

24. As of January 21, 2016, more than four years – the applicable California statute

of limitations – had elapsed since the last payment or activity on the account.

25. Exhibit A states that "Please be aware that any forgiveness of $600.00 or more

may be reported to the IRS on a 1099C form."

**DEFENDANTS' PRACTICES RELATING TO OUT OF STATUTE DEBTS**

26. Defendants regularly attempt to collect credit card bills from California residents.

27. Defendants regularly try to collect time-barred consumer debts.

28. Exhibit A is regularly used by Global, on behalf of Galaxy and others, in order to

collect time-barred consumer debts.

29. By offering a settlement, Exhibit A implies that the alleged debt is legally

enforceable.

30. Exhibit A fails to disclose that the debt was time-barred or not legally

enforceable.

31. Defendants have a policy and practice of sending letters (in the form of Exhibit A,

and others), that seek to collect time-barred debts, which do not disclose that the debt is time-

barred.

32. The Federal Trade Commission has determined that "most consumers do not

know their legal rights with respect to collection of old debts past the statute of limitations...

When a collector tells a consumer that she owes money and demands payment, it may create the

4

misleading impression that the collector can sue the consumer in court to collect that debt."
[www.ftc.gov/opa/2012/01/asset.shtm.]

33.     In 2012, the FTC entered into a consent decree with Asset Acceptance LLC, one of the nation's largest debt buyers, which required Asset Acceptance to disclose when it is attempting to collect time-barred debts. *U.S. v. Asset Acceptance LLC*, No. 8:12CV182, Doc. 5 (M.D.Fla. Jan. 31, 2012).

34.     In 2012, the Consumer Financial Protection Bureau (which has taken over much of the FTC's enforcement responsibility, and has rulemaking authority with respect to debt collection), together with the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency, entered into consent orders with three entities with American Express, which required them to disclose that debts they were attempting to collect were time-barred, as well as disclose the conditions, benefits and restrictions relating to settlement proposals. [*In re American Express Centurion Bank* (No. 2012 CFPB 0002), *In re American Express Bank FSB* (No. 2012 CFPB 0003), and *In re American Express Travel Related Services Co. Inc.* (No. 2012 CFPB 0004).]

35.     The FTC issued a report in 2003, entitled "The Structure and Practices of the Debt Buying Industry." [http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. ("*Structure & Practices*").] Reaffirming actions taken previously relating to collection of time-barred debts, the FTC reiterated that a collector may violate the FDCPA by demanding payment of a time barred debt without disclosing that the debt was time barred.

36.     *Structure & Practices* refers to a study that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer. [Goldsmith & Martin, "Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts," 64 Consumer Fin. L.Q. Rep. 372 (2010).]

37.     Courts have also held that offering settlement on a time-barred debt is

5

misleading, contrary to the FDCPA. *McMahon v. LVNV Funding LLC*, 744 F.3d 1010 (7th Cir. 2014).

### DEFENDANTS' PRACTICES WITH RESPECT TO TAX REPORTING

38.     The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R. §1.6050P-1 requires reporting of certain discharges of indebtedness.

39.     Reporting is not required:

    a.     Of the discharge of indebtedness that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

    b.     Of the discharge of principal not exceeding $600.

40.     Furthermore, even if the discharge of indebtedness has to be reported, there are substantial exceptions to the tax consequences of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

41.     No taxable income results from the discharge of indebtedness if:

    a.     The debtor is insolvent;

    b.     The debt is disputed.

42.     Many persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts.

43.     It is thus entirely possible to forgive $600 or more of the debt and yet not be required to file a 1099C.

44.     On information and belief, a substantial portion of the debt described in Exhibit A – well in excess of $600 – consists of interest, late fees, and other non-principal amounts.

45.     Referring to tax consequences in a collection letter is intimidating and misleading, suggesting to the least sophisticated debtor that failure to pay the debt will give rise to IRS problems.

46.     Defendants' letter misleads the unsophisticated consumer that:

a. Unless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

b. Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

47. Defendants voluntarily choose to give the tax advice found in defendant's letter. No law or regulation obligates defendants to include the statement complained of in collection letters.

## COUNT I – FDCPA – TIME-BARRED DEBTS

48. Plaintiff incorporates paragraphs 1-24.

49. Defendants violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by failing to disclose in Exhibit A that the debt offered to be settled was beyond the statute of limitations.

50. Section 1692e provides that

**a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

**(2) The false representation of –**

**(A) the character, amount, or legal status of any debt....**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

## CLASS ALLEGATIONS

51. Plaintiff seeks to represent a class and a subclass with respect to this claim, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

52. The class includes all individuals with California addresses to whom Global sent a letter offering settlement of a consumer credit card account, on which the date of last payment or activity was more than four years prior to the letter, if the letter was sent during a period beginning one year prior to the filing of this complaint and ending 21 days after the filing of this complaint.

7

53.     The subclass includes class members where the current creditor was Galaxy.

54.     On information and belief, the class and subclass each contain at least 40 individual members, making joinder of all members impracticable.

55.     There are questions of law and fact common to members of both classes, which predominate over any individualized questions. The common and predominant question is whether a letter offering settlement of a time-barred debt violates the FDCPA if it fails to disclose that the debt is time-barred.

56.     Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories as claims held by class members.

57.     Plaintiff will fairly and adequately represent the class members. Plaintiff has the same interests in pursuing relief for defendants' illegal conduct as class members have, and has no claims antagonistic to class' members claims. Plaintiff has retained counsel experienced in class actions and FDCPA litigation who can and will vigorously prosecute the litigation.

58.     A class action is superior to other claim resolution methods, because individual actions (on the same facts and law) are not economically feasible, members of the class are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment for plaintiff and the class members and

i.      statutory damages,

ii.     actual damages, including all amounts paid on time-barred debts,

iii.    attorney's fees, litigation expenses and costs of suit, and

iv.     all other proper relief.

## COUNT II – FDCPA – TAX REPORTING

59.     Plaintiff incorporates paragraphs 1-22, 25, 38-47 and 50.

60.     Defendants violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by representing in Exhibit A that "any forgiveness of $600.00 or more may be reported to the IRS on a 1099C form."

61.     Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation.    *Kaff v. Nationwide Credit, Inc*., 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.,* 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.,* 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007).

### CLASS ALLEGATIONS

62.     Plaintiff seeks to represent a class and a subclass with respect to this claim, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

63.     The class includes all individuals with California addresses to  whom Global sent a letter stating that any forgiveness of $600.00 or more may be reported to the IRS, if the letter was sent during a period beginning one year prior to the filing of this complaint and ending 21 days after the filing of this complaint.

64.     The subclass includes class members where the current creditor was Galaxy.

65.     On information and belief, the class and subclass each contain at  least 40 individual members, making joinder of all members impracticable.

66.     There are questions of law and fact common to  members of both classes, which predominate over any individualized questions.  The common and predominant question is whether defendants' statement regarding IRS reporting is false or misleading.

67.     Plaintiff's claim is typical of the claims of the class members, as it is based on the

9

same facts and legal theories as claims held by class members.

68.     Plaintiff will fairly and  adequately represent the class members.  Plaintiff has the same interests in pursuing relief for defendants' illegal conduct as class members have, and has no claims antagonistic to class' members claims.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation who can and will vigorously prosecute the litigation.

69.     A class action is superior to  other claim resolution methods, because individual actions (on the same facts and law) are not economically feasible, members of the classes are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment for plaintiff and the class members and

     i.      statutory damages,

     ii.     attorney's fees, litigation expenses and costs of suit, and

     iii.    all other proper relief.


/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

pro hac vice admission to be requested:

Barak Berlin
LAW OFFICES OF BARAK BERLIN
27349 Jefferson Ave, Suite 208
Temecula, CA 92590
(951) 296-6188
(951) 296-6187 (FAX)
barak@berlinlawgroup.com

T:\32498\Pleading\Complaint_Pleading.WPD

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>/s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>/s/Daniel A. Edelman</u>
Daniel A. Edelman

13