**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LEON LOPEZ,
individually and on behalf of all others
similarly situated,                                      )
                                                         )
                                                         )        No. 17-cv-00427
            Plaintiff,                                   )
                                                         )        Honorable Judge Shah
      vs.                                                )
                                                         )        Honorable Magistrate Judge Rowland
GLOBAL CREDIT & COLLECTION CORP.                         )
and GALAXY PORTFOLIOS, LLC,                              )
                                                         )
            Defendants.                                  )

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Defendants Global Credit & Collection Corp. ("Global") and Galaxy Portfolios, LLC

("Galaxy") have moved to dismiss Plaintiff's First Amended Complaint ("FAC"), which alleges

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the

Rosenthal Fair Debt Collection Practices Act, California Civ. Code §§ 1788-1788.32 ("Rosenthal

Act"), and the Fair Debt Buying Practices Act, California Civ. Code §§ 1788.50-1788.64

("FDBPA").

This Court should deny Defendants' Motion to Dismiss ("MTD") for the following

reasons. First, the defendants' dunning letter was misleading and caused plaintiff substantial

confusion and therefore plaintiff states a justiciable FDCPA claim under *Spokeo, Inc v. Robins*,

136 S.Ct. 1540 (May 16, 2016). Second, the FAC alleges the debt is a consumer debt. Third, the

defendants had the obligation to dun the right person, not just anyone named "Leon Lopez," and

dunning a person also did not owe anything violated the FDCPA. Finally, reference to vague and

unspecified "tax consequences" was misleading and violates the FDCPA.

1

## STATEMENT OF FACTS

Defendants have been attempting to collect from plaintiff Lopez an alleged credit card debt that he does not owe. On November 26, 2008, a judgment confirming an arbitration award was entered in favor of Worldwide Asset Purchasing, LLC ("WAP") against a California resident named Leon Lopez (FAC ¶ 24). The plaintiff in the present action, also named Leon Lopez, is not the same Leon Lopez against whom the November 26, 2008 judgment was entered (FAC ¶ 25). On or about February 20, 2014, Worldwide Asset Purchasing, LLC assigned the November 26, 2008 arbitration judgment to Galaxy Portfolios, LLC (FAC ¶ 26).

In April 2015, a California court entered an order finding that "Leon Lopez of Hemet, CA is not the Judgment Debtor and the Judgment Creditor shall cease all collection efforts against Mr. Leon Lopez of Hemet, CA." (FAC ¶ 27 and Exhibit C). The person referred to as "Leon Lopez of Hemet, CA," who was identified in the April 2015 order, is the plaintiff in this case (FAC ¶ 28). That is, the plaintiff in this matter does not owe the alleged debt to defendants.

Nevertheless, eight months after the California court's April 2015 ruling, on or about January 21, 2016, Global, acting on behalf of Galaxy, sent plaintiff a dunning letter seeking to collect the alleged consumer debt (FAC ¶ 29). This letter was sent to plaintiff at his address in Hemet, CA (FAC ¶ 30). The letter demanded payment, offered a reduction, and included language that stated, "Please be aware that any forgiveness of $600.00 or more may be reported to the IRS on a 1099C form." (FAC ¶ 34). As alleged in the FAC, the defendants' letter wrongfully implied that the alleged debt is legally enforceable against plaintiff Lopez (FAC ¶ 37). In addition, the defendant's letter intimidated and misled plaintiff by referring to tax consequences in the collection letter, without disclosure of the exceptions that apply to recipients of the letter (FAC ¶ 45). Because of these attempts to collect from plaintiff a debt that he does not owe, plaintiff brought suit.

ARGUMENT

### I. Standard Of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

A plaintiff "is not required to prove [his] case in [his] complaint, even in the post-*Twombly* and *Iqbal* environment: the Federal Rules still follow a notice-pleading regime, and they do not 'impose a probability requirement on the plaintiffs.'" *Motorola. Inc. v. Lemko Corp.*, No. 08 C 5427, 2010 WL 960348, at *3 (N.D. Ill. Mar. 15, 2010), quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rather, a plaintiff need only provide sufficient plausible facts to put the defendant on notice of his claims. *Brooks*, 578 F.3d at 581. "Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'constru[ing] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir. 2008). "A plaintiff need not prove her case in the complaint," but merely show facts "beyond simple conjecture that the plaintiff is entitled to relief." *Wilson v. AT&T Inc.*, 1:09cv58, 2010 WL 987737 at *1 (S.D. Ind. Mar. 12, 2010). "[T]he changes that *Twombly* and its progeny have brought to the standard of review for Rule 12 motions have not changed the liberal notice pleading standard of the federal rules." *Wilson*, 2010 WL 987737 at *5.

While a defendant is generally confined to the allegations of the complaint, the plaintiff is entitled to set forth evidence consistent with the allegations of the complaint that would sustain a

claim. *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F. 3d 327, 335 (7th Cir. September 29, 2015); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir.1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved ... would entitle him to judgment."); *Malibu Media, LLC v. Doe*, No. 2:13–CV–99–JEM, 2013 WL 6095649 (N.D.Ind., Nov. 19, 2013) (Martin, M. J.). "To be sure, it is proper for plaintiffs to elaborate on [their] factual allegations [in opposing a motion to dismiss,] so long as the new elaborations are not inconsistent with the pleadings." *Sorrentino v. Godinez*, No. 12 C 6757, 2013 WL 5497244, *4 (N.D.Ill., October 3, 2013).

Indeed, this is inherent in the "plausibility" standard; the plaintiff is entitled to explain why the allegations of the complaint are "plausible." "In fact, the Seventh Circuit suggested that in the wake of turmoil stirred up by *Iqbal* and *Twombly*, that it might actually be 'prudent' for a plaintiff to assert new facts in opposition to a motion to dismiss for illustrative purposes. . . ." *Finnegan v. Myers*, No. 3:08–CV–503, 2013 WL 3816691, *3 (N.D.Ind., June 5, 2013).

## II. Plaintiff States A Justiciable FDCPA Claim

Defendants argue in their Motion to Dismiss that plaintiff lacks Article III standing to bring his FDCPA claims. To the contrary, plaintiff's allegations in the FAC are sufficient to confer Article III standing because he has alleged a "concrete" harm stemming from defendants' misleading actions. Thus, plaintiff's claims are justiciable.

In order to allege a justiciable claim sufficient to confer Article III standing, a plaintiff must allege: (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision. *Spokeo, Inc v. Robins*, 136 S.Ct. 1540, slip op. at 6 (May 16, 2016) (citing *Lujan v. Defenders of Wildlife,* 504 U. S. 555, 560-561 (1992)). *Spokeo* primarily addresses the requirement of "injury in fact." *Id.* at 7. "To establish injury in fact,

a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" According to the Court in *Spokeo*, "concrete" means "real," not "abstract," but "it is not necessarily synonymous with 'tangible.' . . . Although tangible injuries are perhaps easier to recognize, [the U.S. Supreme Court has] confirmed in many of [its] previous cases that intangible injuries can nevertheless be concrete." *Id.* at 8-9.

In *Spokeo*, the U.S. Supreme Court held that "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan*, 504 U. S., at 578) (alteration and emphasis in original). Here, Congress enacted the FDCPA to ensure that "every individual, whether or not he owes the debt," would have the "right to be treated in a reasonable and civil manner." 123 Cong. Rec. 10241 (Apr. 4, 1977) (statement of Rep. Annunzio). To that end, the FDCPA gives consumers various rights to be "treated in a reasonable and civil manner," including the right not to be subjected to "any false, deceptive, or misleading representation or means" in the debt-collection process. 15 U.S.C. § 1692e. In order to protect those rights, Congress intended the FDCPA to be "primarily self-enforcing," in that "consumers who have been subjected to collection abuses will be enforcing compliance," Sen. R. No. 95-382, 95th Cong., 1st. Sess., p. 5 (1977); *see also Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001) ("[A]ttorney for the plaintiff is made a private attorney general . . .").

In this case, plaintiff has suffered "an intangible harm [that] constitutes [an] injury in fact, [arising from] both history and the judgment of Congress." *Spokeo* at 9. For example, when plaintiff received the January 2016 debt collection letter from defendants, he was unable to immediately recognize that he did not owe the debt (pursuant to the April 2015 ruling). Plaintiff's

inability to recognize he did not owe the debt stemmed from the lack of reference to the original creditor (WAP) on the January 2016 collection letter. While the April 2015 court order contained a caption identifying WAP as the owner of the debt, the subsequent January 2016 collection letter (sent by defendants) made no reference to WAP or the April 2015 order.

Because plaintiff reasonably assumed, based on the April 2015 court order, that he had no liability for the WAP debt, the defendants' collection letter was both confusing and troubling. It was not clear from the collection letter what the debt was, or why defendants claimed that plaintiff was responsible for it. Additionally, plaintiff had no way of knowing tax consequences would result from failing to pay the alleged debt in full.

Due to the confusing nature of the misleading letter, plaintiff was required to expend time and money to determine whether he actually owed the debt or whether there would be any tax consequences. Accordingly, the defendants' January 2016 letter constitutes a "false, deceptive, or misleading representation," as contemplated by Congress, and plaintiff has Article III standing to bring this claim.

As the Court in *Spokeo* observed, "Many traditional remedies for private-rights causes of action – such as for trespass, infringement of intellectual property, and unjust enrichment – are not contingent on a plaintiff's allegation of damages beyond the violation of his private legal right." *Spokeo* at 2. The harm can be actionable even if it is "difficult to prove or measure . . . In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id.* at 10.

As discussed above, Congress has identified "false, deceptive, or misleading representations" in the debt-collection process as being particularly harmful. In response, Congress granted a private right of action to execute the proscriptions contained within the FDCPA. Because

6

plaintiff has sought to seek redress for those very harms that Congress has identified – namely the "false, deceptive, or misleading representations" of defendants sending plaintiff a collection letter in violation of the April 2015 court order – plaintiff's FDCPA claims are justiciable under the *Spokeo* decision. An unduly narrow understanding of Article III standing would limit consumers' ability to bring suit under the FDCPA's private right of action.

Informational injury has been recognized as "concrete" by the Seventh Circuit. *Carlson v. United States*, 837 F.3d 753, 758 (7th Cir. 2016) (holding that a plaintiff suffers "concrete" injury-in-fact when she is unable to obtain information that is statutorily required). Additionally, this Court has found that plaintiffs, under similar circumstances, have stated justiciable FDCPA claims. *See e.g.*, *Lane v. Bayview Loan Servicing, LLC*, 15 C 10446, 2016 WL 3671467 (N.D.Ill. July 11, 2016) (failure to provide statutorily required FDCPA notices resulted in cognizable concrete *informational* injury); *Quinn v. Specialized Loan Servicing, LLC*, 16 C 2021, 2016 WL 4264967 (N.D.Ill. Aug. 11, 2016) (allegations that defendant used misleading tactics to collect on a debt satisfied "concreteness" prong for Article III standing); *Saenz v. Buckeye Check Cashing of Illinois*, 16 C 2021, 2016 WL 5080747 (N.D.Ill. Sept. 20, 2016); *Janetos v. Fulton Friedman & Gullace, LLP*, No. 12 C 1473, Slip Op. (N.D.Ill. Sept. 21, 2016); *Bowse v. Portfolio Recovery Associates, LLC*, 15 C 4037, 2016 WL 6476545 (N.D.Ill. Nov. 2, 2016); *Evans v. Portfolio Recovery Associates, LLC*, 15 C 4498, 2016 WL 6833930 (N.D.Ill. Nov. 20, 2016); *Paz v. Portfolio Recovery Associates, LLC*, 15 C 5073, 2016 WL 6833932 (N.D.Ill. Nov. 21, 2016). So have many other federal courts. *See Church v. Accretive Health, Inc*., 654 Fed. Appx. 990 (11th Cir. 2016); *Blaha v. First Nat'l Collection Bureau, Inc.*, 2016 U.S. Dist. LEXIS 157575 (D.N.J. Nov. 10, 2016); *Daubert v. NRA Group, LLC*, 15-CV-00718, 2016 WL 4245560 (M.D.Pa. Aug. 11, 2016); *George v. Wright, Lerch & Litow, LLP*, 15-cv-00811, 2016 WL 6963990 (S.D.Ind. Nov.

29, 2016); *Everett v. Fin. Recovery Servs., Inc.*, 16-cv-01806, 2016 WL 6948052 (S.D.Ind. Nov. 28, 2016); *Zirogiannis v. Seterus, Inc.*, 2:15-cv-05884-SJF-ARL, 2016 WL 7410541 (E.D.N.Y Nov. 28, 2016); *Allah Mensah v. Law Office of Patrick M. Connelly, P.C.*, PX-16-1053, 2016 WL 6803775 (D.Md. Nov. 17, 2016); *Munoz v. California Bus. Bureau, Inc.*, 2016 WL 6517655 (E.D.Cal. Nov. 1, 2016); *Hill v. Accounts Receivable Servs., LLC*, 2016 WL 6462119 (D.Minn. Oct. 31, 2016); *Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 WL 5867818 (C.D.Ill. Oct. 7, 2016); *Macy v. GC Servs. Ltd. P'ship*, 2016 WL 5661525 (W.D.Ky. Sept. 29, 2016); *Linehan v. Allianceone Receivables Mgmt., Inc.*, 2016 WL 4765839 (W.D.Wash. Sept. 13, 2016); *Carrington Mortg. Servs., LLC v. Dye*, 2016 WL 4766484 (M.D.Ga. Sept. 12, 2016); *Sayles v. Advanced Recovery Sys., Inc.*, 2016 WL 4522822 (S.D.Miss. Aug. 26, 2016); *Hall v. Globl. Credit & Collection Corp.*, 2016 WL 4441868 (M.D.Fla. Aug. 23, 2016); *Mogg v. Jacobs*, 2016 W 4395899 (S.D.Ill. Aug. 18, 2016); *Prindle v. Carrington Mortg. Servs., LLC*, 2016 WL 4369424 (M.D.Fla. Aug. 16, 2016); *Irvine v. I.C. Sys., Inc.*, 2016 WL 4196812 (D.Colo. July 29, 2016); *McCamis v. Servis One, Inc.*, 2016 WL 4063403 (M.D.Fla. July 29, 2016); *In re Robinson*, 554 B.R. 800 (W.D.La.Bankr. 2016); *Dickens v. GC Servs. Ltd. P'ship*, 2016 WL 3917530 (M.D.Fla. July 20, 2016); *Tourgeman v. Collins Fin. Servs., Inc.*, 2016 WL 3919633 (S.D.Cal. June 16, 2016); *Nyberg v. Portfolio Recovery Associates, LLC*, 2016 WL 3176585 (D.Or. June 2, 2016).

If informational injury were not sufficient, not only the FDCPA, but the Truth in Lending Act, various privacy statutes, the securities laws, the Freedom of Information Act, and many Food and Drug regulations, among others, would be rendered largely unenforceable.

### III. Plaintiff Sufficiently Alleges The Debt Is A Consumer Debt

Defendants also argue that plaintiff failed to allege that the debt owed is a consumer debt, such that the FDCPA applies. Defendants' argument fails because plaintiff has alleged just that (*see* FAC ¶¶ 7, 23 and 29). As stated above, the Court must accept all well-pleaded allegations in

the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole*, 634 F.3d at 903; *Thompson*, 300 F.3d at 753. This pleading requirement "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Because the Court must accept all well-pleaded allegations in the complaint as true, plaintiff should be afforded the opportunity to prove those allegations through the process of discovery, especially considering any proof of that allegation is entirely within the control of defendants.

Defendants argue that "Plaintiff cannot allege any knowledge as to the nature of [another] individual's Debt." (MTD, pg. 9). However, the original creditor is identified (FAC, Exhibit D), and the evidence will show that the original creditor only extended consumer credit and not business credit.

The FDCPA applies where the collector is attempting to collect from the wrong person, or the debt is totally fictitious. "To require greater specificity as to the nature of the Debt at the pleading stage would undermine this purpose, because mistakenly pursued individuals do not usually have access to information relating to the underlying debt." *Lewis v. Scott, Parnell & Associates, P.C.*, 16-CV-00290-PCH, 2016 WL 8078309, at *3 (M.D. Ala. Dec. 16, 2016). For that reason, the court in *Davis v. Midland Funding, LLC*, 2:13cv2316, 2014 WL 3889971 (E.D. Cal., August 7, 2014) held that "a debt collector that attempts to collect an obligation from the wrong person is subject to the FDCPA, even if there is some possibility that the underlying obligation stemmed from a commercial transaction," citing *Collins v. Portfolio Recovery Associates, LLC*, 2:12cv138, 2012 U.S. Dist. LEXIS 162624 (E.D. Tenn., June 7, 2013); *Gonzalez v. Law Firm of Sam Chandra, APC*, 13cv0097, 2013 WL 4758944 (E.D. Wash., Sept. 4, 2013);

and *Dunham v. Portfolio Recovery Associates*, 663 F.3d 997 (8th Cir. 2011). A reasonable resolution is that if the debt is not that of the plaintiff, and appears to be the sort of debt which is commonly a consumer debt (e.g. a credit card issued by a company that extended consumer credit but not business credit), that is sufficient to state a claim.

Ultimately, defendants are in control of any documents that will unequivocally show whether the alleged debt was for personal, family or household purposes. Plaintiff expects to prove the truth of the allegation that the debt was incurred, if at all, for personal, family or household purposes. Otherwise, defendants could send dunning letters to all Leon Lopezes in the state of California, and claim that there is no FDCPA liability because the recipient can't testify to what the debt is. Similarly, a scammer who duns for totally fictitious debts would not violate the FDCPA. That cannot be the law.

### IV. Plaintiff Need Not Allege Defendants Received Notice Of The April 2015 Order Because It Was The Defendants' Burden To Dun The Correct Person

Defendants argue that it was not their responsibility to have knowledge of the April 2015 California court ruling. However, it *is* defendants' obligation to identify the correct Leon Lopez to dun. There are hundreds of Leon Lopezes in the United States and California. Defendants surely do not claim that they can dun any or all Leon Lopezes.

Dunning a person who does not owe money is a FDCPA violation. *Heathman v. Portfolio Recovery Associates, LLC*, 12-cv-201, 2013 WL 755674 (S.D.Cal., Feb. 27, 2013) ("Section 1692e prohibits the use by a debt collector of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.' Filing a state court complaint alleging a nonexistent debt clearly violates this section."); *Cox v. Hilco Receivable, L.L.C.*, 726 F.Supp.2d 659, 666 (N.D. Tex. 2010) ("a debt collector's representation that a debt is owed to it when it in fact is not, amounts to a misrepresentation barred by the FDCPA."); *Pak v. Unifund CCR Partners*, 7:13-CV-70-BR,

2014 WL 238543, at *6 (E.D.N.C. Jan. 22, 2014) (agreeing with the reasoning in *Cox*).

In this case, there is no dispute that the plaintiff is not the correct debtor. Simply put, defendants tried to collect on a debt that was not, in fact, owed by plaintiff. The defendants' conduct thus constitutes a FDCPA violation.

Defendants also allude to Fed. R. Civ. P. 12(b)(5), which allows for dismissal on the grounds that a defendant in a case did not receive proper service of process. Rule 12(b)(5) has nothing to do with this motion or the prior California state court case.

## V. The Letter's Reference To Vague and Unspecified "Tax Consequences" Violated The Fair Debt Collection Practices Act

Finally, defendants argue that the language of the collection letter that referred to unspecified tax consequences was not misleading. Defendants fail to acknowledge the various decisions, some from this District, which have determined that references to tax consequences, without disclosure of the applicable exceptions, have been held to violate the FDCPA.

Most recently, in *Foster v. AllianceOne Receivables Management, Inc.*, 15-cv-11108, 2016 WL 1719824 (N.D. Ill. 2016), the court held that a collection letter, which stated "[p]lease be advised that any settlement which waives $600.00 or more in principal of a debt may be reported to the Internal Revenue Service by our client," was misleading and intimidating, in violation of the FDCPA. The court stated that "[i]t is plausible that mention of the IRS in a situation in where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.'" *Id.* at *2.

In *Sledge v. Sands,* 182 F.R.D. 255 (N.D. Ill. 1998), language in a collection letter included the statement, "Where the amount of debt canceled or discharged is $600.00 or greater, the creditor may be required to report such information to the IRS." The court noted, even though the language was "literally true," evidence that "the number of debtors that are in a position to be reported to

the IRS is extremely limited compared to the number of debtors receiving CCS collection letters" would establish that the letters are misleading. *Id.* at 260.

In *Balon v. Enhanced Recovery Co.*, 190 F.Supp.3d 385 (M.D. Pa. 2016), and *Velez v. Enhanced Recovery Co.*, 2016 WL 1730721 (E.D. Pa., May 2, 2016), the language at issue was, "any indebtedness of $600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS as taxable income pursuant to the Internal Revenue Code 6050(P) and related federal law." *Balon*, 190 F. Supp. 3d at 390. Consumers alleged that their debts "could not possibly have been reportable under the relevant exceptions." *Id.* at 391. The courts held that, given that allegation, a reference to tax consequences was misleading and violated the FDCPA, because a "least sophisticated debtor, given a generally applicable rule with some, but not all, of the relevant exceptions thereto, might be mislead [sic] into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due." *Id.* at 391, quoting *Velez*, at *3. These courts also held that the use of the conditional "may," as was used in the letter at issue in this case, did not eliminate the deception. *Id.* at 391, quoting *Velez*, at *3.

In *Good v. Nationwide Credit, Inc.,* 55 F. Supp. 3d 742 (E.D. Pa. 2014), the court agreed that any statement about tax consequences which "fails to notify the reader that any exceptional circumstances might apply" – such as bankruptcy, which is an exception to both reporting and the incurring of tax liability – is misleading. *Id.* at 747. The court concluded that the reference was a "collection ploy." *See also Kaff v. Nationwide Credit, Inc.*, 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015) ("failed to apprise debtors that possible exceptions could apply to the creditor's mandatory reporting requirement"); *Wagner v. Client Servs., Inc.*, 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009) (denied motion to dismiss because discovery was needed to ascertain whether tax consequences language was true or false); *Good v. Nationwide Credit,*

*Inc.*, 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*, 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007) (tax language misleading when it implies connection with IRS); *Gammon v. GC Services LP*, 27 F.3d 1254, 1258 (7th Cir. 1994) ("It is difficult to imagine what end [the debt collector] intended to accomplish with its statement other than the intimidation of unsophisticated consumers with the power of having the tax collecting units of the federal and state governments in its corner, or at least at its disposal.").

Here, the defendants' letter falsely states, "Please be aware that any forgiveness of $600.00 or more may be reported to the IRS on a 1099C Form." (FAC, Ex. D). This language indicates that plaintiff would be subject to tax consequences if he did not pay off the alleged debt that he did not owe. Defendant's language fails to mention that only forgiveness of debts that are actually owed by a debtor must be reported. The resolution of a disputed debt does not result in income subject to IRS reporting. *Zarin v. CIR*, 916 F. 2d 110, 115 (3d Cir. 1990). In this case, because plaintiff was not the correct debtor, there is no possibility that plaintiff would realize any taxable income, or be subject to any tax reporting requirements.

Defendant's statement is also misleading because only the discharge of *principal* in excess of $600 requires IRS reporting. 26 U.S.C. § 6050P(b).

Unsophisticated consumers, such as plaintiff, are not familiar with the tax laws, and are thus likely to assume that the "tax consequences" are significant. Accordingly, a letter from a lawyer or debt collector referring to unspecified "tax consequences" is likely to be an effective means of intimidating and instilling fear in the target audience. *See Gammon*, 27 F.3d at 1258.

## CONCLUSION

As set forth above, plaintiff states a justiciable FDCPA claim; the FAC alleges the debt is a consumer debt; the burden was on the defendants to confirm the validity of the alleged debt; and finally, mentioning tax consequences of not paying a debt, without mentioning the exceptions that

made tax consequences highly unlikely, is misleading. For these reasons, plaintiff respectfully requests that the Court deny defendants' Motion to Dismiss.

Respectfully submitted,

s/Corey J. Varma
Corey J. Varma

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Corey J. Varma, hereby certify that on Thursday, June 8, 2017, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent notification to all counsel of record.


s/Corey J. Varma
Corey J. Varma