UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEON LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL CREDIT & COLLECTION CORP., and GALAXY PORTFOLIOS, LLC,<br><br>　　　　　Defendants. | No. 17 CV 427<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss [19] is denied. Plaintiff's motion to certify class [5] is denied without prejudice as premature. Defendants shall answer the complaint by October 20, 2017, and the parties shall file a joint status report with a proposal for a case schedule on that same date. A status hearing is set for October 26, 2017 at 9:30 a.m.

## STATEMENT

Defendants sent plaintiff Leon Lopez a debt-collection letter that said, "You currently owe: $14,516.47," and offered to settle the account for roughly $10,000. The letter added that "forgiveness of $600.00 or more may be reported to the IRS on a 1099C Form." Plaintiff did not owe this debt—they sent the letter to the wrong Leon Lopez. Nine months earlier, a California court determined that plaintiff was not the debtor. In this lawsuit, he alleges that the letter violated the Fair Debt Collection Practices Act and California's similar Rosenthal Act, and defendants move to dismiss the complaint.

Defendants argue that since plaintiff knew he was not the debtor, the false statement in the letter ("You currently owe…"), and the implication that defendants could collect the debt from plaintiff, did not injure him and there is no case or controversy here. *See Spokeo v. Robbins*, 136 S.Ct. 1540, 1547 (2016). I disagree. Congress has created a legally protected interest to be free from the receipt of a false communication, and whether or not plaintiff was subjectively deceived, he suffered the precise injury that Congress defined in the statute. As I've explained elsewhere, my view is that this is sufficient to allege Article III standing. *Saenz v. Buckeye Check*

*Cashing of Illinois*, No. 16 CV 6052, 2016 WL 5080747, at *2 (N.D. Ill. Sept. 20, 2016).*

Defendants next argue that since plaintiff was not the debtor, he cannot know whether the debt was a consumer debt. But the complaint's allegations, accepted as true at this stage, state that "this action arises out of a consumer debt" and that if incurred, the debt here was for personal, family, or household purposes. [1] ¶¶ 7, 23. Whether plaintiff knows this or not, it is adequately alleged in the complaint, and defendant is on notice—which is all Rule 8 requires.

The complaint does not have to allege that defendants knew about the order from the California court, or that they knew that they were prohibited from collecting the debt from plaintiff. Defendants argue that it is unfair to be subject to liability when the plaintiff never told them about the court order he received. But the FDCPA does not require knowledge or intent on the part of the defendant. Perhaps defendants have a bona fide error defense, but the complaint need not plead around such a defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014); *see Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) (the representation need not be deliberate, reckless, or even negligent to trigger liability, but a defense is available under 15 U.S.C. § 1692k(c)).

The letter's reference to reporting the forgiveness of more than $600 to the IRS is a different problem. Plaintiff alleges that the letter's statement is incomplete because there are exceptions to the reporting requirement. *See* 26 U.S.C. § 6050P; 26 C.F.R. § 1.6050P-1. In addition, in this particular case, since plaintiff did not owe the debt at all, forgiveness would not trigger any income-reporting requirement as to plaintiff, and the letter suggests that defendants may take an action related to plaintiff that they were not legally authorized to take. This is sufficient to state a claim for deceptive debt-collection practices. *See Carlvin v. Ditech Fin. LLC*, 237 F.Supp.3d 753, 758 (N.D. Ill. 2017). Even though the letter here did not affirmatively misstate the law, and it did not say that defendants were required to take action, it is plausible that, to the unsophisticated consumer, the letter suggested a course of action that was not legally available. That is enough to state a claim.

In a footnote in their reply brief, defendants ask to strike the class allegations. The request is denied as untimely and undeveloped. Plaintiff may not be a typical or adequate class representative, but arguments raised for the first time in a reply brief

---

* *Benali v. AFNI, Inc.*, No. CV 15-3605-BRM-DEA, 2017 WL 39558, at *6 (D.N.J. Jan. 4, 2017), concluded that a plaintiff who knew he did not owe the debt had not been concretely harmed, but I disagree. Plaintiff received a false communication, and even if he knew it was false, it injured his statutorily protected interest in being free from such correspondence. There is an actual controversy between the litigants here.

will not be considered. Moreover, motions to strike are disfavored, and it is too early to tell whether this case can proceed as a class action. Indeed, plaintiff's motion for class certification is too early. The motion was likely filed to avoid defense efforts to end the case before it became a class action, but recent precedent makes such tactics difficult to pull off. *See Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622, 623 (7th Cir. 2017). The motion for class certification is premature—no factual development has occurred, no answer is on file, and plaintiff is not in a position to meet his burden to prove the viability of a class action. The motion to certify a class is denied without prejudice.

ENTER:

Date:   September 29, 2017

Manish S. Shah
U.S. District Judge