IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEON LOPEZ,<br>on behalf of plaintiff and a class,<br><br>        Plaintiff,<br><br>    vs.<br><br>GLOBAL CREDIT &<br>COLLECTION CORPORATION and<br>GALAXY PORTFOLIOS, LLC.,<br><br>        Defendant. | )<br>)<br>)<br>)    No. 1:17−cv−427<br>)<br>)    Honorable Manish S. Shah<br>)<br>)    Honorable Magistrate Judge Rowland<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiff, Leon Lopez ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 3(a)("Class"), and Defendants, Global Credit and Collection Corporation ("Global") and Galaxy Portfolios, LLC ("Galaxy, collectively, "Defendants"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) sets dates for Class members to opt out, object, or return a claim form, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit 1 to Appendix A, (v) finds that the mailing of such notice satisfies due process and (vi) appoints the attorneys of Edelman, Combs, Latturner & Goodwin, LLC as class counsel. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A.

1. Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Leon Lopez v. Global Credit & Collection Corp. and Galaxy Portfolios, LLC*, Case No. 17-cv-427 (the "Litigation"), alleging that Defendants sent letters to California residents stating that any

forgiveness of $600.00 or more may be reported to the IRS in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) ("Class claim"). Plaintiff further alleged, on an individual basis, that Defendants violated the FDCPA by attempting to collect a debt from Plaintiff, that was not legally enforceable against Plaintiff in violation of 15 U.S.C. §§ 1692e and f ("Individual claim").

2. After arms-length discussion, the parties reached a settlement to resolve the Litigation. Defendants deny violating the FDCPA and deny all liability to Plaintiff and the Class. Defendants desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Class against Defendants in the Litigation.

3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

    a. <u>Class</u>. The parties agree to seek certification of the following class: (a) all individuals with California addresses (b) to whom Global sent a letter on behalf of Galaxy as the current creditor (c) stating that any forgiveness of $600.00 or more may be reported to the IRS, (d) if the letter was sent during a period beginning on January 19, 2016 and ending on February 9, 2017. There are approximately 6250 persons who fall within the above-definition.

    b. <u>Relief to Plaintiff</u>. Defendants agree to pay $2,000.00 to Plaintiff as damages for both his Individual and Class claims, and as an incentive award for bringing the claims on behalf of a Class;

  c. <u>Class Recovery</u>. Defendants will create a class settlement fund of $28,125.00 ("Class Recovery"), which a settlement administrator will distribute pro rata among class members who do not exclude themselves and who submit a valid and timely claim form ("Eligible Class Members"). Checks issued to Eligible Class Members will be void after 90 days ("Void Date");

  d. <u>Cy Pres</u>. If any of the settlement checks to the Settlement Class are not cashed within 30 days of the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to the Chicago Law and Education Foundation as a *cy pres* award, within 30 (thirty) days following the last void date of the settlement checks.

  e. <u>Attorneys' Fees and Costs</u>. Counsel for Plaintiff and the Class shall petition the Court for approval of an award of fees in the amount of $20,190.00. Pending the Court's approval, Defendants shall pay counsel for Plaintiff and the Class, that amount which the Court deems reasonable, but not to exceed $20,190.00, as attorneys' fees and costs;

  f. <u>Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, the parties shall, through the Class Administrator, cause actual notice, in the form of <u>Exhibit 1</u> to the Agreement, to be sent to the last known addresses of the class members, according to Defendants' records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period;

  g. <u>Class Members' Right to Opt Out</u>. Any Class Member who properly files a timely written request for exclusion from the Class shall be excluded from the Class and shall have no rights as Class Members pursuant to the Agreement. A request for exclusion must be in writing and state information, including the name, address and phone number of the person(s) or entity seeking exclusion. The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and received by such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to Class Counsel and Counsel for Defendants no later than seven days after the deadline for Class Members to submit such requests.

    h.  <u>Class Members' Right to Object</u>. All Class Members shall have the right to object to the Settlement. Objections must be filed with the Court by the Class Member making the objection and served on all counsel of record.

  4.  If no class members opt out or exclude themselves from the settlement, and all Class Members submit valid and timely claim forms, each Claimant will receive about $4.50. However, it is unlikely that all Class Members will submit claim forms and no Class Member shall request to be excluded. Based upon Class Counsel's experience, it is likely that less than 10% of the Class Members will submit claim forms and seek a portion of the class recovery. If 10% of the Class Members file valid and timely claim forms, each Claimant will receive approximately $45.00 in recovery.

  5.  The FDCPA caps a class's recovery at 1% of the debt collector's net worth. Based upon the financial information Defendants provided to Class Counsel and the nature of the claims alleged, the parties believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court.

  6.  If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

  7.  The settlement in this case complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 *7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to class would not come from a class fund but rather by payment

directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class. Second because of the net worth cap on class recovery in the FDCPA, Class Counsel contends that plaintiff and the class are receiving approximately 94% of what is recoverable under the statute in contrast to *Pearson*, *Redman* and *Eubank* where the potential award to the class was not capped by statute and the attorneys presumably would have achieved a larger class fund by potentially reducing attorneys' fees. In this case, even if the class were to proceed to trial it would not receive more than 1% of Defendants' net worth. The parties further submit that the class notice gives fair notice to the classes, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

8. <u>Schedule for Class Notice, Claim Forms,Opt Outs and Objections:</u>  Plaintiff and Defendants request that the Court set the following schedule for the proposed Agreement:

    a.    Class Notice (<u>Exhibit 1</u> to Appendix A) is to be mailed within 30 days of entry of the Preliminary Approval Order;

    b.    Class members shall have until 60 days after the initial mailing of the notice to complete and postmark either (1) a claim form to receive a pro rata portion of the class recovery (2) a request to be excluded from the proposed settlement or (3) an objection to the proposed settlement;

    c.    A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

9.      In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves <u>Exhibit 1</u> to the Agreement as notice to the Class to be directed to the last known address of the class members as shown on Defendant's records, (d) sets dates for class members to opt-out, object, or return a claim form and (e) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Respectfully submitted,

/s/Cassandra Miller
Cassandra Miller
One of the attorneys for Leon Lopez

Daniel Edelman
Cassandra Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL  60603
Telephone: 312-739-4200
Facsimile: (312) 419-0379
dedelman@edcombs.com
cmiller@edcombs.com

/s/ Brian Ledebuhr
Brian Ledebuhr
One of the attorneys for Defendants

Brian Ledebuhr
Vedder Price PC
222 N. LaSalle St., Suite 2300
Chicago, IL  60601

## CERTIFICATE OF SERVICE

      I, Cassandra P. Miller, hereby certify that on Tuesday, September 18, 2018, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent notification to all counsel of record

                                          s/ Cassandra P. Miller
                                            Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200

7