# <u>APPENDIX  A</u>

| | | |
|---|---|---|
| LEON LOPEZ,<br>on behalf of plaintiff and the<br>class members described herein, | )<br>)<br>) | 17-cv-00427 |
| | ) | |
| Plaintiff, | ) | Honorable Judge Shah |
| | ) | |
| vs. | ) | Honorable Magistrate Judge |
| Rowland | | |
| | ) | |
| GLOBAL CREDIT & COLLECTION | ) | |
| CORPORATION and | ) | |
| GALAXY PORTFOLIOS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS SETTLEMENT AGREEMENT

## RECITALS

1.  **Parties**.  Defendants, Global Credit & Collection Corporation ("Global") and Galaxy Portfolios, LLC ("Galaxy") (Global and Galaxy are collectively "Defendants") and Plaintiff, Leon Lopez ("Plaintiff") individually, and as representative of the class of persons defined below in ¶9 (the "Class"), enter into this Class Settlement Agreement as to Plaintiff's and the Class's claims arising from certain of Global's collection letters (the "Agreement").

2.  **Nature of Litigation**. Plaintiff, individually and on behalf of the Class, filed a lawsuit in the United States District Court for the Northern District of Illinois, entitled *Leon Lopez, on behalf of himself and a class v. Global Credit & Collection Corporation and Galaxy Portfolios, LLC*, Case No. 17-cv-00427 (the "Litigation"), alleging individually that Global, acting on behalf of Galaxy, sent Plaintiff a letter attempting to

collect upon a debt that was not legally enforceable against Plaintiff and on a class basis that Global sent letters on behalf of Galaxy as the current creditor, to California consumers stating that any forgiveness of $600.00 or more may be reported to the IRS in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by misrepresenting a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt. Plaintiff claimed that these letters were sent by Global on accounts owned by Galaxy.

3.     **Denial of Liability**.  Defendants deny violating the FDCPA and any potentially applicable state law claims, and further deny all liability to Plaintiff and the Class.  Defendants desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Class against Defendants in the Litigation.

4.     **Plaintiff's Assertion of Liability.**  Plaintiff believes that Defendants violated the FDCPA and certain potentially applicable state law claims, are liable for the same.  Plaintiff, individually and on behalf of the Class, desires to settle his claims against Defendants, having taken into account, through Plaintiff's counsel, the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5.     Plaintiff's counsel has investigated the facts and the applicable law.  Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

6.    In consideration of the foregoing and other valuable consideration, Plaintiff and Defendants agree to settle the claims of the Plaintiff and the Class arising from the collection letters at issue, subject to the Court's approval, on the following terms and conditions.

**TERMS**

7.    **Recitals.** The Recitals set forth above are incorporated by reference as integral provisions of this Agreement.

8.    **Effective Date**. This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff and the Class members' claims alleged in the Complaint against Defendants with prejudice; and (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9.    **Class**. The parties agree to seek certification, for settlement purposes, of the following class: (a) all individuals with California addresses (b) to whom Global sent a letter on behalf of Galaxy as the current creditor (c) stating that any forgiveness of $600.00 or more may be reported to the IRS, (d) if the letter was sent during a period

beginning on January 19, 2016 and ending on February 9, 2017. There are approximately 6,250 persons who fall within the above-definition.

10.  **Relief to Plaintiff and the Class**.  Global and Galaxy shall provide the following relief to Plaintiff and the Class.

a.  Class Recovery.  Defendants will create a class settlement fund of $28,125.00 ("Class Recovery"), which a settlement administrator will distribute pro rata among class members who do not exclude themselves and who submit a valid and timely claim form ("Eligible Class Members").  Eligible Class Members will receive a pro rata share of the Class Recovery by check.  Checks issued to Eligible Class Members will be void after 90 days ("void date");

b.  Relief to Plaintiff.  Defendants shall pay $2,000.00 to Plaintiff as damages for his individual and Class claims, and as an incentive award for bringing the claims on behalf of the Class;

c.  Costs. Defendants shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement, not to exceed $9,685.00;

d.  Attorneys' Fees and Costs.  Counsel for Plaintiff and the Class shall petition the Court for approval of an award of fees in the amount of $20,190.00. Pending the Court's approval, Defendants shall pay counsel for Plaintiff and the Class, that amount which the Court deems reasonable, but not to exceed $20,190.00, as attorneys' fees and costs.

e.   <u>Uncashed Checks</u>:  If any of the settlement checks to the Class are not cashed by the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to the Chicago Law and Education Foundation as a *cy pres* award, within thirty (30) days following the last void date of the settlement checks.

11.   **Payment.**  At least ten (10) days before the Fairness Hearing, Defendants shall deposit all monies set forth in ¶10 (a) (b) and (d) with the Plaintiff's Counsel to be held in trust until after the Effective Date.  All monies set forth in ¶10(a) (b) and (d) shall be sent to Edelman, Combs, Latturner & Goodwin, LLC (#32498), 20 S. Clark St., Suite 1500, Chicago, IL 60603, or at any other address that Defendants' counsel is directed in writing by Class Counsel.

a.   **Distribution of Class Fund Payments**:  Within fourteen (14) days of the Effective Date, the Plaintiff's Counsel shall cause all monies set forth in ¶ 10(a) to be distributed to the Class Administrator.  Within fourteen (14) days of receipt of the funds identified in ¶10(a), the Class Administrator shall cause such funds to be distributed to the Eligible Class Members.  Each Eligible Class Member will receive a check for that member's pro rata share of the settlement fund referred to in ¶ 10(a) above.  The checks shall be void after ninety (90) days from the date of issuance.

b.   **Distribution of Plaintiff Award and Attorney Fees:**  The money described in ¶ 10(b) and ¶ 10(d) shall be held in Trust by Plaintiff's counsel until the Effective Date.

c. **Payment of Costs:** Defendants shall cause all monies required by ¶10(c) to be distributed to the Class Administrator at such time that the Class Administrator requires to ensure that Notice to the class is effected in accordance with the deadlines and provisions of this Agreement, but no earlier than fourteen (14) days of the Court's entry of the preliminary approval order.

12. **Release**. Upon the Effective Date, the parties grant the following releases:

a. Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendants Global Credit & Collection Corp., Galaxy Portfolios, LLC and Galaxy Capital Recoveries, LLC, as well as their parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys and assigns, in their respective capacities as such (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or

unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA, or any other state, federal, or local law, statute, regulation or common law, that were alleged or could have been alleged in the Litigation, from the beginning of time up to the date of this Agreement.

      b.     Each member of the Class who does not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged by or on behalf of the class that arise out of the factual allegations asserted

in the Complaint. The Class expressly does not release any right to dispute the debts or any defenses to the validity of the debts.

13. **Approval by the Court.** The release is conditioned upon the approval of the Agreement by the Court and Defendants meeting their obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and the parties shall return to their respective positions before the execution of this Agreement without prejudice to their rights, claims and defenses, and neither this Agreement nor the fact of this Agreement shall be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

14. **Notice**. Within 30 days of entry of the Preliminary Approval Order, Plaintiff shall, through the Class Administrator, cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the class members, according to Defendant's records and subject to Section 18 below. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt.

a. **Right of Exclusion.** All Class Members who properly file a timely written request for exclusion from the Class shall be excluded from the Class and shall have no rights as Class Members pursuant to this Agreement. A request for exclusion must be in writing and state "I hereby wish to exclude myself from the settlement in Leon Lopez v. Defendants Credit & Collection Corporation and

Galaxy Portfolios, LLC, Case No. 17-cv-00427." The request must also include the name, address, phone number and signature of the person(s) or entity seeking exclusion. The request must be mailed to the Class Administrator at the address provided in the Class Notice and received by such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved. The Class Administrator shall forward copies of all requests for exclusion to Class Counsel and Counsel for Defendants no later than seven days after the deadline for Class Members to submit such requests.

      b.    **<u>Right to Object.</u>** All Class Members shall have the right to object to the Settlement. Objections must be filed with the Court by the Class Member making the objection and served on all counsel of record.

      c.    **<u>Time for Requests for Exclusion or Objections.</u>** Class members shall have sixty (60) days after mailing of the Class Notice to complete and postmark a request to be excluded from the proposed settlement or to object to the proposed settlement.

15.    **<u>CAFA Notice.</u>** Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

16. **Preliminary Approval**.  As soon as practicable after execution of this Agreement, the parties shall make application to the Court for entry of the Preliminary Approval Order, attached as <u>Exhibit 2</u>, which: (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves <u>Exhibit 1</u> hereto as notice to the Class, to be directed to the last known address of the class members as shown on Defendants' records, and (d) finds that mailing of the Class notice and the other measures specified in ¶14  are the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P. 23.

17. The parties agree to request the form of notice attached hereto as <u>Exhibit 1</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit 2</u>.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

18. **Class List.** If not already provided, within seven (7) days of the entry of the Preliminary Approval Order, Defendants' Counsel shall provide Plaintiff's Counsel with the list of Class Members names and addresses, according to Defendants' records.  Within ten (10) days after the date of the Final Approval Order, the Class Administrator will provide Plaintiff's Counsel and Defendants' Counsel with an updated list of claimants including any updated address information received.   If final approval is granted, the Parties shall retain the class list and a list of Class Members who opted in or excluded themselves for six months following the Effective Date and may destroy them after that period.  The parties may also destroy documents generated in the notice process for six months after final approval is granted and may destroy them after that period.

19. **Final Approval**.  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, Defendants' counsel and Defendants shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate; providing for the implementation of those terms and provisions; finding that the notice given to the Class satisfies the requirements of due process and Rule 23; dismissing the claims of Plaintiff and the Class alleged in the Complaint with prejudice and without costs; and directing the entry of a final order.

20.	The parties agree to request the form of final order attached hereto as Exhibit 3. The fact that the Court may require non-substantive changes in the final order does not invalidate this Agreement.

21.	**Release of Attorneys' Lien**.  In consideration of this Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶11(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under ¶10(d), for legal services rendered by Plaintiff's counsel.

22.	**Miscellaneous Provisions**.	The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to affect the consummation of this Agreement and the settlement provided for herein.  Whether or not this Agreement is consummated, this Agreement shall in no event

be construed as, or be deemed to be, evidence of an admission on the part of Defendants of any liability or wrongdoing whatsoever.

23.     Notices and objections related to this Agreement shall be sent to:

**For Plaintiff**: Cassandra Miller (#32498), Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark St., Suite 1500, Chicago, Illinois 60603; and

**For Defendants**: Brian W. Ledebuhr, Vedder Price P.C., 222 N. LaSalle Street, Suite 2300, Chicago, Illinois 60601   .

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

24.     The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

25.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

26.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

27.     This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

28.     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**The rest of this page is left intentionally blank. Signature page to follow.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on August _____, 2018.

Individually and as Class

Representative:

_Leon Lopez_

Leon Lopez

Approved as to form and for

paragraph 19:

Attorneys for Leon Lopez

_[signature]_

Edelman, Combs, Latturner and Goodwin, LLC

**Global Credit & Collection Corporation**

_____

By: _____

Its duly authorized representative

**Galaxy Portfolios, LLC**

_____

By: _____

Its duly authorized representative

Approved as to form:

Attorneys for Defendants

_____

Vedder Price P.C.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on August __22__, 2018.

Individually and as Class

Representative:

**Global Credit & Collection Corporation**

_____

Leon Lopez

By: _Tyler Peterson_____

Its duly authorized representative

Approved as to form and for

paragraph 19:

Attorneys for Leon Lopez

**Galaxy Portfolios, LLC**

_____

Edelman, Combs, Latturner and Goodwin, LLC

By: _Heather H. Kochamba_

Its duly authorized representative

Approved as to form:

Attorneys for Defendants

Vedder Price P.C.

# **EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

# If Global Credit & Collection Corporation sent you a collection letter that made representations about reporting a settlement to the IRS, you may benefit from this class action settlement.

The case is titled *Leon Lopez v Global Credit and Collection Corporation and Galaxy Portfolios, LLC*, Case No. 17-cv-427 ("Litigation"). A Federal Court authorized this notice. This is not a solicitation from a lawyer.

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **COMPLETE A CLAIM FORM TO RECEIVE A PORTION OF SETTLEMENT PROCEEDS** | If you wish to receive a portion of the class settlement proceeds, you must complete and return the claim form on or before [60 days from mailing of notice]. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendants. |
| **OBJECT** | Write to the Court explaining why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | If you do nothing, you will receive no benefits from the settlement and will not retain your legal claims against the Defendants. |

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person to whom Global Credit and Collection Corporation sent a collection letter similar to the collection letter received by the plaintiff in this case.

### 2. What is the lawsuit about?

This lawsuit claims that Global Credit and Collection Corporation and Galaxy Portfolios, LLC violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et seq.* by sending letters attempting to collect upon a debt which made false representations about reporting forgiveness of the debt to the IRS.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Leon Lopez), sue on behalf of a group (or a "Class") of people who have similar claims regarding the collection letters allegedly used by Defendants in an attempt to collect a debt.

### 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the parties reached a settlement agreement as to Plaintiff's and the Class's claims in the Litigation.

### 5. How do I know if I am a part of the settlement?

According to Defendants' records, you are a class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

Only if you timely and properly complete the claim form attached hereto will you be entitled to a *pro rata* share of the Class Recovery. The Class Recovery will be $28,125.00. If all 6,250 class members return a claim form, which is unlikely, and decide to remain in the class, you will receive approximately $4.50. If 10% of the class members return a claim form, you will receive approximately $45.00. If only 1% of the class members return a claim form, you will receive approximately $450. No class member is eligible to receive more than one check.

### 7. When will I receive these benefits?

You will receive these benefits approximately 45-60 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

### 8. I want to be a part of the settlement and receive these benefits. What do I do?

Timely and properly submit the claim form attached hereto.

### 9. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendants a "release". A release means you cannot sue or be part of any other lawsuit against Defendants about the claims or issues in the case.

| 10.  How much will the Class Representative receive? |
|---|

Plaintiff Lopez brought two separate claims in this case.  One claim was brought as an individual claim (only on behalf of Plaintiff) and the other was the class claim (which you share with Plaintiff).  Under the terms of the Agreement, Plaintiff Lopez will receive a payment which includes his damages for both the claims and an incentive award for acting as the class representative.  The total payment to Plaintiff Lopez will be $2,000, which is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendants, then you must take steps to exclude yourself from this settlement.

| 11.  How do I get out of the settlement? |
|---|

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Leon Lopez v Global Credit and Collection Corporation and Galaxy Portfolios, LL,* Case No. 17-cv-427 (N.D. Il.) Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request so that it is postmarked **no later than [60 days from mailing date],** to:

> Cassandra P. Miller (32498)
> 20 S. Clark St., Suite 1500
> Chicago, IL 60603

| 12.  If I exclude myself, do I still receive benefits from this settlement? |
|---|

No, you will not receive anything resulting from the settlement, but you will have the right to sue Global Credit and Collection Corporation and Galaxy Portfolios, LLC over the claims raised in the Litigation, either on your own or as a part of a different lawsuit.  If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again.  You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from the Defendants in an amount to be determined by and approved by the Court and as set forth below in Paragraph 14. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by ___ _____ [**_Final Approval Hearing Date_**]_____.

## 14. How will the lawyers be paid?

Subject to the Court's approval, Defendants will pay Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC a total of $20,190.00, as attorneys' fees and costs incurred with respect to the Plaintiff and the Class' claims. This payment will be made in addition to the Class Recovery and will not reduce the amount that you or any other class member are entitled to receive from the settlement.

# CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

## 15. Is this a fair settlement?

Class Counsel believes that this settlement is fair. The claims asserted on behalf of the class against Defendants are under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. (Plaintiff's complaint did not allege actual damages on behalf of the class). In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful. Based upon the financial information that Defendants provided to Class Counsel and the nature of the claims alleged, Class Counsel believes this is a fair and reasonable settlement.

## 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Global Credit and Collection Corporation and Galaxy Portfolios, LL are not admitting that they did anything wrong. Defendants expressly deny the claims asserted by the Plaintiff and deny all allegations of wrongdoing and liability.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| |
|---|
| **17. How do I tell the Court that I do not like the Settlement?** |

If you are a class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Lopez v. Global Credit and Collection Corp. and Galaxy Portfolios, LLC*, Case No. 17-cv-427 (N.D. Il.), your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than **[60 days from mailing]** to**:**

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to **these attorneys**:

| Cassandra P. Miller (32498) Edelman, Combs, Latturner & Goodwin, LLC 20 S. Clark St., Suite 1500 Chicago, IL  60603 | Brian Ledebuhr Vedder Price PC 222 N. LaSalle St., Suite 2300 Chicago, IL  60601 |
|---|---|

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| |
|---|
| **18. Where and when is the fairness hearing?** |

The Court will hold a fairness hearing on _____ **at** _____ in the courtroom of Judge Manish S Shah, Room 1719 of the United States District Court for the Northern District of Illinois Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and in the best interests of the class, and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

**GETTING MORE INFORMATION – CONTACT:**

**Cassandra P. Miller (32498)**
**Edelman, Combs, Latturner & Goodwin, LLC**
**20 S. Clark St., Suite 1500**
**Chicago, IL  60603**
**(312) 917-4504**
**info@edcombs.com**
**www.edcombs.com**

_____

# CLAIM FORM

*Leon Lopez v. Global Credit and Collection Corp. and Galaxy Portfolios, LLC*, Case No. 17-cv-427 (N.D. Il.)

I wish to claim my portion of the settlement fund in this case:

Name:_____

Address:_____

City/State/Zip: _____

I submit this Claim Form under penalty of perjury and swear that I received the above-described letter.


Signature


If your name or address is different from what appeared on the envelope please provide the correct information below:

Name:_____

Address:_____

City/State/Zip: _____


Signature


**THIS CLAIM FORM MUST BE RETURNED BY [*60 days from mailing*] TO:**


[INSERT]


QUESTIONS?  CALL 312-917-4504 TO CONTACT CLASS COUNSEL'S OFFICE
Please Refer to Settlement #32498

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEON LOPEZ, for himself and a class, | ) | |
| | ) | Case No. 17-cv-427 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge Shah |
| GLOBAL CREDIT & COLLECTION | ) | |
| CORPORATION and GALAXY | ) | Honorable Magistrate Judge Rowland |
| PORTFOLIOS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY APPROVAL ORDER

The Court, having considered the parties Joint Motion for Preliminary Approval, hereby

grants preliminary approval to the Class Settlement Agreement ("Agreement") between Leon

Lopez ("Plaintiff"), individually and as representative of the class of persons defined below

("Class"), and Defendants, Global Credit & Collection Corporation ("Global") and Galaxy

Portfolios, LLC ("Galaxy", or collectively, "Defendants"), and specifically finds as follows:

1.     The terms of the Agreement are reasonable and fair and are hereby approved by

the Court, subject to the final fairness hearing described below.

2.     The parties agree to seek certification of the following class for settlement

purposes only:

> (a) all individuals with California addresses (b) to whom Global
> sent a letter on behalf of Galaxy as the current creditor (c) stating
> that any forgiveness of $600.00 or more may be reported to the
> IRS, (d) if the letter was sent during a period beginning on January
> 19, 2016 and ending on February 9, 2017.

3.     Edelman, Combs, Latturner & Goodwin, LLC is appointed Class Counsel.

4.     The Court approves the parties' proposed Class Notice and directs it be mailed to

the last known address of the class members as shown on Defendants' records on or before

_____, 2018. The Settlement Administrator will have the notice sent by any form of U.S. Mail providing forwarding addresses.

5.      The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

6.      Class members have until _____, 2019, or the first business day after the 60th day after the initial mailing of the class notice on _____, 2018, to complete and postmark a (1) claim form to receive a *pro rata* portion of the settlement funds, (2) request to be excluded from the proposed settlement or (3) to object to the proposed settlement.

7.      A request for exclusion must be in writing and state information, including the name, address and phone number of the person(s) or entity seeking exclusion. The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and received by _____, 2019. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to Class Counsel and Counsel for Defendants by no later than _____ (seven days after the deadline for Class Members to submit such requests).

8.      All Class Members shall have the right to object to the Settlement. Objections must be filed with the Court by the Class Member making the objection and served on all counsel of record.

9.      Class Counsel shall file a petition for approval of Class Counsel's reasonable attorney fees and expenses, not to exceed $20,190.00, which the Court shall rule on at the final approval hearing.

10.     A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the request for Class Counsel for attorney's fees and expenses will be held on ___, 2019 at ____ a.m./p.m.

11.     Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than _____ (i.e., within 10 days from the filing of the Agreement).

ENTERED:                  _____

Judge Manish S. Shah

United States District Judge

DATE:                  _____

# **EXHIBIT 3**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LEON LOPEZ,
on behalf of plaintiff and a class,

    Plaintiff,

    vs.

GLOBAL CREDIT &
COLLECTION CORPORATION and
GALAXY PORTFOLIOS, LLC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 1:17−cv−427

Honorable Manish S. Shah

Honorable Magistrate Judge Rowland

## <u>FINAL APPROVAL ORDER</u>

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Leon Lopez ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendants, Global Credit & Collection Corporation and Galaxy Portfolios, LLC, the Court orders and finds as follows:

1.    On _____, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

> (a) all individuals with California addresses (b) to whom Global sent a letter on behalf of Galaxy as the current creditor (c) stating that any forgiveness of $600.00 or more may be reported to the IRS, (d) if the letter was sent during a period beginning on January 19, 2016 and ending on February 9, 2017.

2.    The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 6,250 class members by the Settlement Administrator. A total of [_____] envelopes were returned by the United States Postal Service, [_____] of which were returned with forwarding addresses and re-mailed. [_____] class members requested exclusion, and no objections were filed or received. A total of [_____] claim

forms were returned, including [_____] late claim forms received as of [_____], 2019.  The Court

will allow the [_____] late claim forms.

3.      On [_____], 2019 the Court held a fairness hearing to which class members,

including any with objections, were invited.  *No* class members objected or requested exclusion

from the settlement.

4.      The Court finds that provisions for notice to the class satisfy the requirements of

Federal Rule of Civil Procedure 23 and due process.

5.      The Court finds that the settlement is fair, reasonable, and adequate and hereby

finally approves the Agreement submitted by the parties, including the Release and payments by

Defendant.

6.      The Court is informed that Defendants deposited all settlement funds with

Plaintiff's Counsel in advance of the fairness hearing which are currently being held in trust.

7.      In accordance with the Settlement Agreement, Plaintiff's Counsel shall make the

following distribution of payments:

>      a.      Relief to Plaintiff.  Upon the Effective Date, as that term is defined in the
> Agreement, Plaintiff's Counsel shall pay $2,000.00 to Plaintiff as damages, for his
> individual (non-Class) claims, for his Class claims, and as an incentive award for
> bringing the claims on behalf of the Class.

>      b.      Class Recovery. Within fourteen (14) days of the Effective Date, Plaintiff's
> Counsel shall cause the class settlement fund of $28,125.00 ("Class Fund") to be
> distributed to the Class Administrator.  Within fourteen (14) days of receipt of Class
> Fund, the Class Administrator shall cause such funds to be distributed *pro rata*
> among Class Members who timely and properly submitted a claim form. Claimants
> will receive a *pro rata* share of the Class Fund by check.  Checks issued to
> Claimants will be void after 90 days.  If any portion of the Class Fund remains 30
> days after the Void Date on the Claimants' checks, these remaining funds will be
> distributed as set forth in Paragraph 10 of the Class Settlement Agreement.

8.      Upon the Effective Date of the Agreement, the Parties grant the following releases:

>      a.      Plaintiff, including each and every one of his respective agents,
> representatives, attorneys, heirs, assigns, or any other person acting on his behalf

130762596v1 0951422

or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendants Global Credit & Collection Corp., Galaxy Portfolios, LLC and Galaxy Capital Recoveries, LLC, as well as their parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys and assigns, in their respective capacities as such (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA, or any other state, federal, or local law, statute, regulation or common law, that were alleged or could have been alleged in the Litigation, from the beginning of time up to the date of this Agreement.

b.      Each member of the Class who does not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged by or on behalf of the class that arise out of the factual allegations asserted in the Complaint. The Class expressly does not release any right to dispute the debts or any defenses to the validity of the debts.

9.      The Court finds the Agreement fair and made in good faith.

10.     The terms of the Agreement are incorporated into this order.

11.     The Court approves Chicago Law and Education Foundation as the designated *cy pres* recipient.  If any of the settlement checks to the Class are not cashed by the Void Date, said

3

funds (after deduction of any stop payment charges on the uncashed checks) shall be donated, to the Chicago Law and Education Foundation as a *cy pres* award, within 30 (thirty) days following the last Void Date of the settlement checks.

12.     The Court approves Class Counsel's request for approval of an award of attorney's fees and costs of $20,190.00, to be paid by Defendants in addition to the Settlement Fund.

13.     The Court hereby dismisses the claims of Plaintiff and the Class defined herein with prejudice and without costs and directs the clerk to enter this Order as a final order.

ENTERED: _____

                Manish S. Shah
                United States District Judge

DATED: _____

130762596v1 0951422