UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEON LOPEZ,<br>on behalf of plaintiff and a class,<br><br>        Plaintiff,<br><br>vs.<br><br>GLOBAL CREDIT &<br>COLLECTION CORPORATION and<br>GALAXY PORTFOLIOS, LLC.,<br><br>        Defendant. | No. 1:17−cv−427<br><br>Honorable Manish S. Shah<br><br>Honorable Magistrate Judge Rowland |

**FINAL APPROVAL ORDER**

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Leon Lopez ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendants, Global Credit & Collection Corporation and Galaxy Portfolios, LLC, the Court orders and finds as follows:

1. On September 25, 2018, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

    (a) all individuals with California addresses (b) to whom Global sent a letter on behalf of Galaxy as the current creditor (c) stating that any forgiveness of $600.00 or more may be reported to the IRS, (d) if the letter was sent during a period beginning on January 19, 2016 and ending on February 9, 2017.

2. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 6,250 class members by the Settlement Administrator. A total of 611 envelopes were returned by the United States Postal Service, 239 of which were returned with forwarding addresses and re-mailed. No class members requested exclusion, and no objections were filed or received.

3. The Court grants the Parties' request to include the 7 claim forms received after the December 17, 2018 deadline for submissions, and the 3 claim forms which were without signatures but were otherwise valid.

4. With the inclusion of the above referenced claim forms, a total of 533 claim forms were returned.

5. On January 9, 2019 the Court held a fairness hearing to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement.

6. The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendant.

8. The Court is informed that Defendants deposited all Settlement Funds with Plaintiff's Counsel in advance of the fairness hearing, which are currently being held in trust.

9. In accordance with the Settlement Agreement, Plaintiff's Counsel shall make the following distribution of payments:

    a. Relief to Plaintiff. Upon the Effective Date, as that term is defined in the Agreement, Plaintiff's Counsel shall pay $2,000.00 to Plaintiff as damages, for his individual (non-Class) claims, for his Class claims, and as an incentive award for bringing the claims on behalf of the Class.

    b. Class Recovery. Within fourteen (14) days of the Effective Date, Plaintiff's Counsel shall cause the class settlement fund of $28,125.00 ("Class Fund") to be distributed to the Class Administrator. Within fourteen (14) days of receipt of Class Fund, the Class Administrator shall cause such funds to be distributed *pro rata* among Class Members who timely and properly submitted a claim form. Claimants will receive a *pro rata* share of the Class Fund by check. Checks issued to Claimants will be void after 90 days. If any portion of the Class Fund remains 30

days after the Void Date on the Claimants' checks, these remaining funds will be distributed as set forth in Paragraph 10 of the Class Settlement Agreement.

10. Upon the Effective Date of the Agreement, the Parties grant the following releases:

a. Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendants Global Credit & Collection Corp., Galaxy Portfolios, LLC and Galaxy Capital Recoveries, LLC, as well as their parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys and assigns, in their respective capacities as such (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA, or any other state, federal, or local law, statute, regulation or common law, that were alleged or could have been alleged in the Litigation, from the beginning of time up to the date of this Agreement.

b. Each member of the Class who did not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged by or on behalf of the class that arise out of the factual allegations asserted in the Complaint. The Class expressly does not release any right to dispute the debts or any defenses to the validity of the debts.

11. The Court finds the Agreement fair and made in good faith.

12. The terms of the Agreement are incorporated into this Order.

13. The Court approves Chicago Law and Education Foundation as the designated *cy pres* recipient. If any of the settlement checks to the Class are not cashed by the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to the Chicago Law and Education Foundation as a *cy pres* award within 30 (thirty) days following the last Void Date of the settlement checks.

14. The Court approves Class Counsel's request for approval of an award of attorney's fees and costs of $20,190.00, which are paid by Defendants in addition to the Settlement Fund.

15. The Court hereby dismisses the claims of Plaintiff and the Class defined herein, with prejudice and without costs and directs the clerk to enter this Order as a final order.

ENTERED: _____
Manish S. Shah
United States District Judge

DATED: January 9, 2019